IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS,
AMARILLO DIVISION

| | |
|---|---|
| AHI-TOWN PARC, LLC, <br><br> *Plaintiff,* <br><br> v, <br><br> MULTI-HOUSING TAX CREDIT PARTNERS LII, L.P., <br><br> *Defendant.* | § § § § § § § § § § § § § <br><br> CIVIL ACTION NO. |

## DEFENDANT'S NOTICE OF REMOVAL

TO THE CLERK OF THE ABOVE-TITLED COURT AND TO PLAINTIFF AND ITS COUNSEL OF RECORD:

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Multi-Housing Tax Credit Partners LII, L.P. ("Limited Partner") hereby removes to the United States District Court for the Northern District of Texas the state court action that Plaintiff AHI-Town Parc, LLC ("AHI"), originally filed in the District Court of Potter County, Texas, 181st Judicial District. As set forth below, removal is proper pursuant to 28 U.S.C. § 1441 and this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a) because this is a civil action between citizens of different states and the amount in controversy exceeds $75,000.

## TIMELINESS OF REMOVAL

1. On or about April 16, 2024, the Limited Partner was served with Plaintiff's Original Petition and Citation-Personal Service, with such Petition filed in and Citation issued by the District Court of Potter County, Texas, 181st Judicial District. *See* Declaration of Cathy T. Moses ("**Moses Decl**."), Ex. A (Petition); *id.*, Ex. B (Citation). Under 28 U.S.C. § 1446(b), removal is timely because it has been filed within 30 days after completion of service.

## DIVERSITY OF CITIZENSHIP

2. For purposes of diversity jurisdiction, a limited partnership is a citizen of the states of which its partners are citizens and a limited liability company is a citizen of the states of which its members are citizens. *See Carden v. Arkoma Assoc.*, 494 U.S. 185, 195-96 (1990); *A&C Discount Pharmacy, LLC v. Prime Therapeutics LLC*, No. 3:16-CV-0429-D, 2016 WL 3194332, at *5 (N.D. Tex. June 9, 2016).

3. AHI has alleged in its Petition that it is a Texas limited liability company with its principal place of business in Bedford, New Hampshire. Moses Decl., Ex. A (Petition), ¶ 5. On information and belief, at the time that the action was filed, and based on business records and publicly available information, AHI has a managing member, R.J. Finlay Management Company, which is a North Carolina limited liability company that, based on public records, appears to have only one member, who is an individual domiciled in New Hampshire and thus is a

New Hampshire citizen. *See Ehrman v. Cox Commn's, Inc.*, 932 F.3d 1223, 1228 (9th Cir. 2009) (alleging citizenship of opposing party based on information and belief was sufficient to plead diversity); *see also* Moses Decl., Ex. C (05/08/24 Email to General Partner's counsel regarding citizenship of Plaintiff).

4. The Limited Partner is a California limited partnership consisting of a general partner (Multi-Housing Investments, LLC, or "MHI"), and a limited partner (FNBC Leasing Corporation, or "FNBC").

5. At the time that the General Partner filed this action, through the present, the Limited Partner's general partner, MHI, is and has been a Colorado limited liability company. The sole member of that entity is HC Housing, LLC, which also is a Colorado limited liability company. The sole member of HC Housing, LLC is Highridge Costa Investors, LLC (HCI), which is a California limited liability company. HCI in turn is comprised of the following members, which are: (a) a California limited liability company whose sole member is a trust, and the trustee of such trust is a natural person who is domiciled in California; (b) a Delaware limited liability company, which has three members, which are a Delaware limited liability company with three members who are natural persons who are domiciled in California, another Delaware limited liability with seven members, all of whom are natural persons who are domiciled in California, and a California trust whose trustee is a natural person domiciled in California; (c) a Delaware corporation whose principal place of business is in New York; (d) a

Delaware limited liability company with one member that is itself a Delaware limited liability company, and such company is comprised of four members, which are three trusts, the trustees of which are all natural persons who are domiciled in Nevada, and a Delaware limited liability company, which is comprised of three members, each of which is a trust whose trustee is domiciled in Nevada; (e) a Nevada trust whose trustee is a natural person who is domiciled in Nevada; (f) seven trusts whose trustees are all natural persons who are domiciled in California; (g) a Nevada trust whose trustee is a Nevada corporation, and such corporation's state of incorporation is Nevada and it also has its principal place of business in Nevada; (h) a California limited liability company which is comprised of 20 members, all of whom are trusts, and none of whose trustees are domiciled in or citizens of Texas or New Hampshire; (i) a Nevada limited partnership, whose sole general partner is a Nevada limited liability company with one member, and such member is a Nevada trust whose trustee is a natural person domiciled in Nevada, and whose sole limited partner is a Nevada trust whose trustee also is a natural person domiciled in Nevada; (j) a foreign limited partnership whose sole general partner is a corporation that is incorporated in Delaware and with its principal place of business in Nevada and whose sole limited partner is a limited company that was formed in the Isle of Jersey and whose principal place of business also is in Jersey, Channel Islands; (k) a California limited liability company which itself has 29 members, and is comprised of: seven natural persons, none of whom are

domiciled in or citizens of Texas or New Hampshire; 15 trusts whose trustees are natural persons, none of whom are domiciled in or citizens of Texas or New Hampshire; a California corporation whose principal place of business also is in California; two California IRAs, each of which has a sole beneficiary who is a natural person domiciled in California and are California citizens; a California limited partnership in which the partners are natural persons who are California citizens or trusts whose trustees are California citizens; a California limited liability company in which all members are individuals who are domiciled in California or Idaho; and a California limited liability company with members who are natural persons or trusts in which such persons or trustees are domiciled in Florida or California, and are thus Florida or California citizens; and finally, HCI's remaining three members are three natural persons who are domiciled in California.

6.     As for FNBC, which is the only limited partner of the Limited Partner, it is a citizen of Delaware, which is its state of incorporation, and Illinois, where it has its principal place of business.  *See* 28 U.S.C. § 1332(c) (citizenship of corporation is based on state of incorporation and state of principal place of business).

7.     Thus, diversity of citizenship exists between the General Partner and the Limited Partner.  *See* 28 U.S.C. § 1332(a).

## AMOUNT IN CONTROVERSY

8.  AHI does not allege an amount in controversy in its Original Petition, and alleges that it seeks declaratory relief, attorneys' fees and other costs and expenses. *See* Moses Decl., Ex. A, p. 23, Prayer & Request for Relief.

9.  In an action for declaratory or injunctive relief, the amount in controversy is measured by the value of the object of the litigation, or the value of the right to be protected or the extent of the injury to be prevented. *See Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983); *Anderson v. J.P. Morgan Chase, N.A.*, No. H-11-3346, 2011 WL 13262093, at *2 (S.D. Tex. Nov. 22, 2011). The Court also may consider summary-judgment type evidence in determining the amount in controversy *See id.*

10. In its Petition, the General Partner seeks to avoid being bound to pay an option price determined by an appraisal performed by Novogradac & Co. ("Novogradac"). The General Partner claims that it had a contractual option to purchase the Limited Partner's Interest under the terms of their limited partnership agreement ("LPA"). *See* Moses Decl., Ex. A. Under the LPA, which was attached to the Petition, the General Partner had the option to purchase the LP Interest for the fair market value of the LP Interest, as determined by a qualified appraiser, among other terms. *See id.*, Ex. 1 to Petition, § 8.1. The General Partner alleges that it exercised the Option, and the firm of Novogradac & Co. was engaged to

perform, and did produce, an appraisal of the LP Interest ("Appraisal"). *See* Moses Decl., Ex. A, ¶¶ 51-63.

11.　The General Partner's object in this litigation is to seek to avoid paying the Option price determined by the Appraisal. Specifically, the General Partner seeks a declaration from this Court that "Novogradac's appraisal is invalid and cannot be enforced under the Option," the Appraisal is allegedly "tainted and flawed," and the General Partner is "not bound by the Novogradac appraisal or its Option exercise under these circumstances." *See id.*, ¶ 86(b), (c), (e). The General Partner further alleges in its introduction that the Limited Partner "is relying upon that invalid appraisal in an attempt to force AHI-TP into an inflated option price that is inconsistent with the partnership agreement and applicable Texas case law"; and that the parties "have a present dispute and controversy concerning AHI-TP's option to purchase MHTCP's limited partner interest in LSS, which is ripe for determination and declaratory judgment from the Court." *See id.*, ¶¶ 2-3.

12.　The Appraisal that the General Partner seeks to avoid came to a value of $2,400,000 for the Limited Partner's Interest. A true and correct copy of the Appraisal is attached, with the $2.4 million value conclusion for the LP Interest listed on page 2. *See* Declaration of Jeffrey Sussman, Ex. A.

13.　As the Petition shows, the value of the object of this litigation, or the extent of the alleged injury to be prevented, is for the General Partner to avoid paying the Option price that was determined by the binding Appraisal, which

concluded to a value of $2.4 million. Thus, the amount in controversy in this action exceeds $75,000.

14. In addition, attorneys' fees are included in calculating the amount in controversy for diversity jurisdiction, including future fees that will be incurred as the case proceeds. *See Foret v. So. Farm Bureau Life Ins. Co.*, 918 F.2d 534, 537 (5th Cir. 1990); *see Procare Automotive, LLC v. MidAmerican Energy Servs., LLC*, No. SA-21-CV-00896, 2021 WL 5822832 (W.D. Tex. Dec. 7, 2021). The General Partner requests an award of attorneys' fees, and costs, in its Petition. *See* Petition, Prayer & Request for Relief, p. 23 at (3). While the Limited Partner will vigorously oppose its request for fees or costs, the amount of fees requested will exceed $75,000. The General Partner is represented by two partners in the Dallas office of the Shackelford, Bowen, McKinley & Norton law firm (David Elrod and Worthy Walker), with two partners at a different law firm, BC Davenport (David Davenport and Sean Zaroogian), also serving as co-counsel, all with hourly rates anticipated to exceed $500/hour. *See Advanced Physicians, S.C. v. Connecticut Gen. Life Ins. Co.*, No. 3:16-cv-02355-G-BT, 2021 WL 6428370 (N.D. Tex. Dec. 17, 2021) (range of $537-862/hour in the year 2021 was a reasonable hourly rate for attorneys in the Dallas community); *Vanliner Ins. Co. v. DerMargosian*, No. 3:12-CV-5074-D, 2014 WL 1632181, at *2 (N.D. Tex. Apr. 24, 2014) (the Court is "an expert on the reasonableness of attorney's fees). Given these rates, the attorneys fees will exceed $75,000 in this action. Indeed, the fees incurred with

respect to only pre-trial matters such as the pleadings and discovery (such as depositions, document requests, and other written discovery) will exceed $75,000, with significantly additional fees anticipated to be incurred with respect to anticipated dispositive motions, pre-trial preparation, and trial, and other matters.

## COMPLIANCE WITH SECTION 1446

15. The Summons and Original Petition, which are attached as Exhibits A and B to the Declaration of Cathy Moses, are true and correct copies of all state court process, pleadings and orders served upon the Limited Partner.

16. Pursuant to 28 U.S.C. § 1446(a), a copy of this Notice of Removal will be promptly filed with the Clerk of the District Court of Potter County, Texas, 181st Judicial District.

## CONCLUSION

The Court has original jurisdiction over this action under 28 U.S.C. § 1332(a) because there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000. The United States District Court for the Northern District of Texas is the federal judicial district embracing the District Court of Potter County, Texas, 181st Judicial District, where the General Partner filed the pending Original Petition. *See* 28 U.S.C. § 1441(a). Upon filing this Notice of Removal, the Limited Partner will furnish written notice to the General Partner and file and serve a copy of this Notice of Removal with the Clerk of the

District Court of Potter County, Texas, 181st Judicial District. *See* 28 U.S.C. § 1446(d).

DATED: May 16, 2024

Respectfully submitted,

By:     */s/ Cathy T. Moses*
EDWARD F. QUIGLEY *(PRO HAC VICE FORTHCOMING)*
California Bar No. 175228
equigley@coxcastle.com
CATHY T. MOSES *(PRO HAC VICE FORTHCOMING)*
California Bar No. 254791
cmoses@coxcastle.com
**COX CASTLE**
2029 Century Park East
Suite 2100
Los Angeles, California 90067-3284
Telephone: 310-284-2200
Facximile: 817-549-0053

    */s/ Sidney T. Lange*
SIDNEY T. LANGE
Texas Bar No. 24002449
slange@viteklange.com
**VITEK LANGE PLLC**
300 Throckmorton St., Suite 650
Fort Worth, Texas 76102
Telephone: 817-885-5610
Facsimile: 817-549-0053

**ATTORNEYS FOR DEFENDANT**

## **CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of the foregoing document has been served on all counsel of record on this 16th day of May, 2024, via E-Service.

                                                         */s/ Sidney T. Lange*
                                                           SIDNEY T. LANGE